UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CRIMINAL ACTION NO. 2:11-cr-33-DLB

UNITED STATES OF AMERICA                                                                          PLAINTIFF

v.                                    **MAGISTRATE JUDGE'S
                                    REPORT AND RECOMMENDATION**

KEVIN J. MCCORMICK                                                                               DEFENDANT

\*\*\*\* \*\*\*\* \*\*\*\*

This matter is before the undersigned on Defendant Kevin McCormick's *pro se* Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255. R. 106. Consistent with local practice, this matter has been referred for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, it is recommended that the Defendant's Motion to Vacate, Set Aside or Correct his Sentence be denied.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Angela Smith, Defendant Kevin J. McCormick's girlfriend, called police October 1, 2010, and reported that he hit her and threw her to the ground. *United States v. McCormick*, 517 F. App'x 411, 412 (6th Cir. 2013) ("*McCormick*"). She also said he had several guns in his home, despite being a convicted felon. *Id.* When the officers arrived, McCormick talked to them on the porch and then asked if he could go back inside. *Id.* After the officers said he had to stay on the porch, he said "let's go in and talk about it" and walked into the trailer. *Id.* at 412-413. McCormick began walking down a hallway by the bedroom and refused to stop when ordered to do so. *Id.* at 413. After a brief struggle, one of the officers handcuffed him, with the assistance of others, and led him back outside. *Id.* Another officer saw what appeared to be a rifle at the end of the hallway by McCormick's bedroom. *Id.* Upon examination, it turned out to be a BB gun, but the officer could see three guns sticking out from under the bed. *Id.* In all, he found and seized four guns from under the bed – two shotguns, one rifle, and one combination gun (a rifle with an exchangeable

shotgun barrel). *Id.* McCormick was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

A jury found McCormick guilty on November 22, 2011 after a two-day trial. R. 40. Because he had at least three prior convictions for burglary, McCormick was subject to a minimum term of imprisonment of 180 months under the Armed Career Criminal Act. 18 U.S.C. § 924(e)(1). Judgment was entered March 29, 2012, sentencing McCormick to 180 months in prison, followed by five years of supervised release. R. 72. McCormick appealed to the Sixth Circuit Court of Appeals, and his conviction was affirmed. *McCormick*, 517 F. App'x 411.

McCormick now moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. R. 106. In support of the motion, he alleges: (1) it was error to sentence him as an armed career criminal in light of *Descamps v. United States,* 133 S. Ct. 2276 (2013) because third-degree burglary under Kentucky law does not qualify as a predicate offense; (2) the enhancement to his sentence violated the Sixth Amendment under *Alleyne v. United States,* 133 S. Ct. 2151 (2013); (3) evidence for the firearm charges was obtained through Fourth and Fifth Amendment violations because he was not prohibited under Kentucky law from possessing longbarrell firearms; (4) he was denied effective assistance of counsel at trial and on appeal because the arguments in Ground Three were not raised; and (5) he was denied effective assistance of appellate counsel because the appeal was not perfected as he requested regarding the addition of two authorities. R. 106.

## II.  STANDARD OF REVIEW

Generally, a prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) ("[B]oth the right to appeal and the right to seek post-conviction relief are statutory rights...."). For a federal prisoner to prevail on a 28 U.S.C. § 2255 claim, he must show that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there

has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

If the movant alleges a constitutional error, he must establish by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). If the movant alleges a non-constitutional error, he "must establish a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted).

With respect to claims of ineffective assistance of counsel, a plaintiff must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1994). First, in order to prove deficient performance, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. In applying this test, reviewing courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance...." *Id.* Second, a plaintiff must establish prejudice by showing there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694-95. Significantly, when deciding ineffective-assistance claims, courts need not address "both components of the [deficient performance/prejudice] inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

**III.     ANALYSIS**

    **A.     Recent Decisions of *Descamps* and *Alleyne* Provide No Relief To McCormick**

In Grounds One and Two, McCormick claims that his conviction should be vacated based on the decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *United States v. Alleyne*, 133 S. Ct. 2151 (2013). He relies on *Descamps* for the proposition that his prior Kentucky convictions for third-degree burglary do not qualify as predicate offenses for purposes of the Armed Career Criminal Act ("ACCA"). R. 104 at 4.

The Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). The Supreme Court has not held that *Descamps* is retroactive to cases on collateral review. *See Garcia-Valenzuela v. Butler*, No. 6:15cv-39-KKC, 20115 WL 4373417 at *4 (E.D. Ky. July 14, 2015) (not retroactive); *Oman v. Cross*, 2014 WL 3733981 at *2-3.(S.D. Ill. July 29, 2014) (same); *United States v. Patrick*, No. 6:06-cr-34-DCR, 2014 WL 2991857 at *2 (E.D. Ky. June 30, 2014) (same); *Hoskins v. Coakley*, No. 4:13-cv-1632, 2014 WL 245095 at *5 (N. D. Ohio Jan. 22, 2014) (same). Accordingly, *Descamps* is not applicable to McCormick's sentence, and he is not entitled to have his sentence vacated on that basis.

Even if *Descamps* were to apply retroactively, courts have held that Kentucky's third-degree burglary statute is a divisible one (applying to buildings, vehicles and watercraft), which is subject to the modified categorical approach for determining whether the crime is a violent felony under the ACCA. *See United States v. McGovney*, 270 F. App'x 386, 388 (6th Cir. 2008) (Kentucky third-degree burglary conviction subject to modified categorical approach); *United States v. Moore*, No. 5:12-0083-DCR, 2014 WL 1493655 at *7 (E. D. Ky. April 14, 2014) (Kentucky burglary statute is "divisible statute" to which the modified categorical approach applies); *United States v. Miller*, No. 6:07-01-DCR, 2014 WL 4693689 at *7 (E.D. Ky. Aug. 28, 2014) (same).

4

McCormick challenged his pre-sentence report on the ground that his prior burglary convictions were not violent felonies. R. 59. Judge Bunning analyzed the prior convictions and found that at least six of McCormick's convictions involved "burglaries of a structure or building, as opposed to a vehicle or watercraft." R. 67 at 5-6. Accordingly, these burglaries qualified as violent felonies under the ACCA. *McGovney*, 270 F. App'x at 388-89.

McCormick also argues under *United States v. Alleyne*, 133 S. Ct. 2151 (2013), that his prior convictions were required to be alleged in the indictment and proved to a jury beyond a reasonable doubt because they enhanced the potential statutory penalty. R. 106 at 5. The same argument was made and rejected in *United States v. Nagy*, 760 F.3d 485 (6th Cir. 2014). Nagy was convicted of being a felon in possession of a firearm and ammunition. *Id.* at 487. He challenged the application of the ACCA arguing that "under the Supreme Court's decision in *Alleyne*, the government was required to submit the facts of Nagy's prior convictions to a jury, and to prove them beyond a reasonable doubt." *Id.* The Sixth Circuit held:

> The district court correctly sentenced Nagy to 180 months imprisonment, as required under the ACCA. Contrary to Nagy's assertion, *Alleyne* does not stand for the proposition that a defendant's prior convictions must be submitted to a jury and proven beyond a reasonable doubt, even when the fact of those convictions increases the mandatory minimum sentence for a crime.

*Id.* at 488. Thus, McCormick's claims based on *Descamps* and *Alleyne* must be denied.

**B. McCormick's Suppression Issue and Possession Under Kentucky Law Issue Were Decided Adversely to Him On Appeal and There is No Allegation of Exceptional Circumstances or An Intervening Change in the Law.**

For Ground Three in his habeas petition, McCormick claims "[t]he charges were brought using evidence that was obtained through a Constitutional 4th Amendment violation, in light of the fact that use of the seized evidence was of itself a violation of the 5th Amendment of the United States Constitution" R. 106 at 7. Before trial, McCormick moved to suppress evidence of the four firearms, arguing that the search of his residence was a warrantless entry and search in violation of the Fourth Amendment. R. 21. Following an evidentiary hearing, the motion was denied. R.

26. The Court found that McCormick "expressly invited the officers into his trailer to continue their discussion" and never withdrew that consent. R. 26 at 8-10. The Court further found that McCormick's version of the facts and his "testimony is not credible." *Id.* at 8. Finally, the Court found that the consent was voluntary. While McCormick was intoxicated, his ability to walk, speak or respond to questions was not impaired. *Id.* at 9. He had coherent conversations with the officers and denied his girlfriend's domestic violence claims. *Id.* The officers demanded that McCormick stay outside, but he ignored their demands and initiated going inside by inviting them in. *Id.* at 10.

On appeal, McCormick argued that his motion to suppress should have been granted because he did not consent to the officers' entry into his home. *McCormick*, 517 F. App'x at 412. The Sixth Circuit held that the court did not err in finding that he consented to the search and that his consent was voluntary. *Id.* at 413-14.

A § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances or an intervening change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). McCormick does not allege either.

McCormick also makes conclusory legal statements that he was not prohibited under Kentucky law from possessing longbarrel firearms and that the state and federal government were, accordingly, without jurisdiction to charge him for possession of them. R. 106 at 7. This argument is merely a slight variation of the one decided adversely to him on appeal. McCormick argued he did not "knowingly" possess a firearm in violation of 18 U.S.C. § 922(g)(1) because "he was allowed to possess the guns at issue under Kentucky law." *McCormick*, 517 F. App'x at 414. The Sixth Circuit held that McCormick only had to know that he possessed a firearm, and not that his possession of the firearm was illegal. *Id.* "Thus, McCormick's belief that he could possess the guns at issue under Kentucky law has no bearing on whether he 'knowingly' possessed them."

*Id.* Accordingly, his conviction was upheld. *Id.* McCormick does not allege any exceptional circumstances nor an intervening change in the law to allow him to relitigate the impact of Kentucky law on his conviction for possession of a firearm by a convicted felon. *Wright*, 182 F.3d at 467; *Jones*, 178 F.3d at 796. No matter how nuanced McCormick's claims regarding Kentucky law might become, the result is the same. Kentucky law is not relevant to his federal charge of felon in possession of a firearm. 18 U.S.C. § 922(g)(1); *McCormick*, 517 F. App'x at 414. The motion to vacate should be denied.

To the extent McCormick's conclusory statements might be considered "new" claims raised for the first time in this habeas petition, the claims are procedurally defaulted. When a claim is procedurally defaulted by failing to raise it on direct appeal, the claim may be raised in a § 2255 motion only by demonstrating either cause for the default and actual prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). McCormick does not allege actual innocence. He does allege that counsel was ineffective for not raising the arguments made in Ground Three and for not filing supplemental authority on appeal. R. 106 at 8, 10. These claims are addressed separately below. McCormick's Ground Three claims should be denied.

    **C.**    **McCormick Has Failed to Show Cause and Prejudice**

In Ground Four, McCormick argues counsel was ineffective for failing to argue effectively the Fourth and Fifth Amendment violations claimed in Ground Three. R. 106 at 8. In Ground Five, he says he was denied effective assistance because appellate counsel did not file supplemental authority "regarding the addition of two pertinent and significant authorities." R. 106 at 10. Presumably, the "significant authorities" are *Descamps* and *Alleyne* relied upon in Grounds One and Two, since no other authorities are cited by McCormick.

To succeed on a claim of ineffective assistance of counsel, Petitioner must show that his counsel provided deficient assistance and that there was prejudice as a result. *Harrington v. Richter*, 562 U.S. 86, 104 (2011). "To establish deficient performance, a person challenging a

conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'" *Id.* "Prejudice" requires a petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

First, contrary to McCormick's claims, trial counsel did argue that the search of McCormick's trailer was a Fourth Amendment violation. R. 21. The Court denied the motion to suppress the four firearms, finding that McCormick consented to the officers' entry into his trailer, and the firearms were lawfully seized because they were in plain view. R. 26. A challenge to that decision on appeal was rejected by the Sixth Circuit. *McCormick*, 517 F. App'x at 413-14. Accordingly, there is no likelihood that McCormick's proposed argument would have changed the outcome. Absent a Fourth Amendment violation, there is no basis for McCormick's claim that admission of the seized evidence violated the Fifth Amendment.

Similarly meritless is McCormick's argument about the federal government lacking jurisdiction to prosecute him because he is entitled to possess the firearms under Kentucky law. The government did not convict him under Kentucky law. He was properly convicted under federal law, and that conviction was affirmed on appeal. Accordingly, McCormick could not have been prejudiced even if there were an error by counsel

Lastly, McCormick argues in Ground Five that appellate counsel failed to file supplemental authority on appeal. As discussed above, citations to *Descamps* or *Alleyne* would not have changed the outcome on appeal. McCormick's failure to show prejudice defeats all of his claims of ineffective assistance of counsel.

    **D.**    **McCormick's Motion to Amend His §2255 Motion Should Be Denied**

On November 14, 2014, McCormick moved to amend his motion to vacate under § 2255 in order to raise a totally new claim that he could not be convicted as a felon in possession of a firearm because his civil rights had been restored for one or more of his state convictions.

8

However, he provides nothing in support of the claim beyond the mere assertion that "documentation of Movant's voting rights restoration and ability to legally retain firearms (per Kentucky Revised Statute 527.040) is part of the pre-trial/trial record."" R. 111-1, p. 2. Contrary to this claim, the record nowhere reflects that McCormick's right to possess firearms were restored. However, the record does reflect that McCormick consistently argued that although he had prior felony convictions for burglary, he believed he was allowed to possess the weapons as Kentucky law existed at the time and based on statements made to him by a state probation officer. These claims were raised prior to trial in his response to the United States' Motion in Limine, R. 32, and at a subsequent hearing on the matter as explained in the Order granting the Motion in Limine. R. 34. They were addressed by both the trial and appellate courts. Even if the Court granted his motion to amend his petition, he presents nothing new to support his new claim that his rights to possess firearms were previously restored. He is entitled to no relief on this claim. Therefore his motion to Amend his petition will be denied.

### IV.    CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see *Miller–El v. Cockrell,* 537 U.S. 322, 335–38 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); see *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of ... claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir.2001)).    Here, McCormick is not entitled to a certificate of appealability because no

jurist of reason would find the Court's conclusions debatable or wrong.  All of his claims lack merit.

## V. RECOMMENDATION

Having considered the matter fully, and for the reasons stated above, the undersigned RECOMMENDS that the District Court DENY Defendant's motion for 28 U.S.C. § 2255 relief [R. 106], and his motion to file an amended petition [R 111].  The undersigned also RECOMMENDS that the District Court DENY a certificate of appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition, issued under subsection (B) of the statute.  Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.  *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed August 13, 2015.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge