**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 11-33-DLB-EBA**

**UNITED STATES OF AMERICA**                                                            **PLAINTIFF**


**vs.**          **ORDER ADOPTING REPORT AND RECOMMENDATION**


**KEVIN J. McCORMICK**                                                            **DEFENDANT**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

## I.      Introduction

Defendant has filed a *pro se* Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255.  (Doc. # 106).  He also has filed a Motion to Amend (Doc. #111). Pursuant to the Court's local practice, the Motion was referred to the presiding Magistrate Judge for the preparation of a Report and Recommendation ("R&R"). The United States submitted its Response (Doc. #112), Defendant filed his reply (Doc. 118), and the briefing was submitted to Judge Atkins, who denied Defendant's § 2255 motion. (Doc. # 119). Defendant having now filed his Objections (Doc. # 120), the R&R is ripe for review.  For the reasons set forth herein, Defendant's objections are **overruled**, the R&R is **adopted** as the findings of facts and conclusions of law of the Court, and the Motion to Vacate is **denied**.

## II.      Analysis

It is incumbent upon one seeking relief under 28 U.S.C. § 2255 to show that his conviction was the product of a fundamental defect in the proceedings which necessarily resulted in a complete miscarriage of justice or an egregious error violative of due process.

1

*Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  Pursuant to § 2255, a federal prisoner may seek habeas relief on grounds that: (1) his conviction or sentence violated the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law;  or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a).  Defendant initially alleged five grounds for relief: (1) error in sentencing him as an armed career criminal in light of *Descamps v. United States*, 133 S.Ct. 2276 (2013); (2) error in the sentencing enhancement he received under *Alleyene v. United States*, 133 S.Ct. 2151 (2013); (3) error pursuant to the Fourth and Fifth Amendments because he was not prohibited under Kentucky law of owning a long-barreled firearm; (4) ineffective assistance of counsel at trial and on appeal because the arguments in ground three were not raised; and (5) ineffective assistance of appellate counsel for failing to raise two additional authorities that Defendant had requested be raised.  The Magistrate Judge addressed, and dismissed, each issue in his R&R.

Defendant raises three objections to the R&R.  Defendant's first objection claims that the Magistrate Judge impermissibly ignored Defendant's Reply when issuing his R&R.  Defendant supports his argument by noting that the Magistrate Judge addressed Defendant's arguments regarding *Descamps* and *Alleyne* (grounds one and two of his § 2255 Motion) despite Defendant conceding those arguments in his Reply.  However, the Court does not agree that this demonstrates a lack of review by the Magistrate Judge.  Defendant is proceeding *pro se*, and rather than just assuming that Defendant was correct in conceding his arguments, the Magistrate Judge explained why Defendant's arguments were without merit.   Contrary to Defendant's protestations, this is indicative of

2

thoroughness by the Magistrate Judge. Defendant's objection on this ground is overruled.

Second, Defendant again raises error relating to alleged Fourth and Fifth Amendment violations. Specifically, he claims that there could not have been a search incident to arrest because there was no valid arrest in this case. Defendant argues that there must have been an underlying arrest on some other charge in order to charge him with resisting arrest. However, this argument is irrelevant to the constitutionality of the search. The search of Defendant's home was not incident to arrest; instead, it was based on the consent he provided the officers on the scene. Defendant invited them inside and never withdrew his consent. Most importantly, this issue was raised with the Court pursuant to a motion to suppress. After an evidentiary hearing on the matter, that motion was denied and the denial was upheld on direct appeal by the Sixth Circuit. Thus, Defendant is seeking to re-litigate an issue that has already been settled. To do so he would need to demonstrate exceptional circumstances or an intervening change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). He can do neither.

Defendant's final objection simply melds together the above two objections, and again claims the Magistrate Judge erred by failing to fully consider Defendant's Reply. As stressed above, the Court finds the R&R to be thorough and well-reasoned.

To the extent that prior issues were addressed by the Magistrate Judge but not objected to by Defendant, those issues are waived. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (holding that, generally, a failure to file specific objections to a magistrate judge's report constitutes a waiver of those objections) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

3

No certificate of appealability shall issue in this matter.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order for a certificate to issue, Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller–El v. Cockrell*, 537 U.S. 322, 342 (2003).  In this case, reasonable jurists would not debate the denial of Defendant's § 2255 motion on the grounds raised or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See id.*

### III.   Conclusion

Accordingly, for the reasons stated herein, **IT IS ORDERED AND ADJUDGED** that:

(1)   Defendant's Objections (Doc. # 120) to the Magistrate Judge's R&R are hereby **OVERRULED**;

(2)   The Magistrate Judge's R&R (Doc. # 119) is hereby **ADOPTED** as the Findings of Fact and Conclusions of Law of the Court;

(3)   Defendant's Motion to Vacate, Set Aside or Correct Sentence (Doc. # 106) is hereby **DENIED**;

(4)   Defendant's Motion to Amend his petition (Doc. # 111) is hereby **denied**.

(5)   The Court certifies that, for the reasons previously set forth in the R&R of the Magistrate Judge (Doc. # 119), as well as those stated herein, there would be no arguable merit for an appeal in this matter and, therefore, **no certificate of appealability will issue**; and

4

(6)     This matter is hereby **DISMISSED WITH PREJUDICE** , and stricken from the Court's docket.

This 10th day of March, 2016.



Signed By:

*David L. Bunning*

United States District Judge

G:\DATA\ORDERS\Covington Criminal\2011\11-33 Order Adopting R&R 2255.wpd

5